UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIK ANGULO                                   CIVIL ACTION NO. 15-cv-2626

VERSUS                                        JUDGE HICKS

READY DECKS OF LOUISIANA, LLC                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted, Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 725 (5th Cir. 2002), and this case is a perfect example of the reason for that rule.

Plaintiff filed suit for failure to pay wages and failure to pay overtime wages under the Fair Labor Standards Act in November 2015. Plaintiff clearly alleges that he was an hourly, non-exempt employee of Defendant whose responsibilities consisted primarily of manual labor; that he traveled routinely to job sites, but was never paid for his travel time; that he was not paid any wages for work performed between December 20, 2014 and January 16, 2015; and that he routinely worked more than 40 hours per week, but Defendant never paid him overtime compensation. Plaintiff's complaint asserts only two causes of action: Failure to pay minimum wage; and failure to pay overtime. The complaint is simple and straightforward.

**Defendant's Motion to Dismiss**

Defendant's Motion to Dismiss or, Alternatively, for More Definite Statement or, Alternatively, for Summary Judgment has no merit. Defendant attacks claims that were not asserted, overlooks the clear and unambiguous allegations of the complaint, and goes way beyond the complaint by attaching employment agreements, pay records, and the affidavit of Defendant's president. Those attachments are not appropriate in deciding a motion to dismiss under Rule 12(b)(6). None of those documents were attached to or incorporated into the complaint by reference. Lone Star Fund v. Barclay's, 594 Fd.3d 383 (5th Cir. 2010); Lester v. Caddo Parish, 2017 WL 1190923 (W.D. La.) (Hicks, J.).

Plaintiff's allegations are more than sufficient to satisfy the "short and plain statement of the claim" requirement of Rule 8(a)(2). And those allegations, which must be taken as true, are sufficient to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555-556 (2007).

Accordingly,

**IT IS RECOMMENDED** that Defendant's **Motion to Dismiss or, Alternatively, for More Definite Statement or, Alternatively, Summary Judgment (Doc. 16)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of July, 2017.

*/s/ MJH*
Mark L. Hornsby
U.S. Magistrate Judge